IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,159-01






EX PARTE CODY ALEXANDER GONZALES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-50286-01-A IN THE 47TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a motor vehicle and sentenced to two years in a state jail consecutive to another state jail sentence. 
He did not appeal his conviction.

 Applicant contends that his plea was involuntary and his trial counsel rendered ineffective
assistance because counsel told him he was facing a maximum of two years confinement if he pled
guilty to two charges of unauthorized use of a motor vehicle, and then did not object or appeal when
the court ordered this sentence to be consecutive to the other. The trial court has entered no findings
of fact.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact. The trial
court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to: what Applicant's trial attorney advised him
about the possibility of receiving consecutive sentences; whether Applicant was found guilty of both
offenses in a single criminal action; what offense Applicant was convicted of committing in his other
conviction; and why counsel did not object to the stacking order or appeal the entry of that order. 
The trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 18, 2007

Do not publish